IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER ELIYAH THODY, <br> *aka* RALPH OWEN BAKER | : <br> : <br> : | |
| Petitioner | : <br> : | CIVIL NO. 1:CV-05-0119 |
| v. | : <br> : | (Judge Rambo) |
| TROY WILLIAMSON, *Warden*, | : <br> : | |
| Respondent | : | |

## MEMORANDUM

I. **Introduction**

Petitioner, Walter Eliyah Thody, a federal prisoner confined at the United States Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Troy Williamson. Petitioner challenges his 1992 conviction and sentence in the United States District Court for the Eastern District of Oklahoma, claiming ineffectiveness of trial counsel and lack of jurisdiction of the trial court. Respondent argues that this court lacks jurisdiction to entertain the claims and that the petition should be dismissed.

## II. **Background**

The facts are not in dispute. On January 28, 1992, Petitioner was convicted in the Eastern District of Oklahoma on two counts of bank robbery, two counts of use of a firearm during commission of a crime, possession of a firearm moved interstate after felony conviction, and conspiracy. As a result of the convictions, Petitioner was sentenced to 475 months imprisonment, followed by three years of supervised release. Petitioner appealed his conviction and sentence, and the United States Court of Appeals for the Tenth Circuit affirmed the conviction and sentence on October 30, 1992. *See United States v. Thody*, 978 F.2d 625 (1992).

Petitioner filed the present petition for habeas relief under 28 U.S.C. § 2241 on January 18, 2005, and he claims (1) ineffective assistance of trial counsel, and (2) that he is a "sovereign American citizen not subject to administrative 'court' jurisdiction."[1] (Doc. 1 at 11.) The court issued a show cause order (Doc. 7), Respondents filed an answer (Doc. 11), Petitioner filed a traverse (Doc. 14), and the matter is ripe for decision. Also pending are Petitioner's motions for summary judgment (Docs. 9, 18 and 21) and Petitioner's motion to restore correct caption (Doc. 15). For the reasons that follow, the petition will be denied, and Petitioner's motions will be dismissed as

---

[1] Petitioner also argues that "Walter Eliyah Thody" is a different "entity" or individual from "WALTER ELIYAH THODY," spelled in all capital letters. The court finds no authority or support for this contention.

2

moot.

## III. Discussion

Respondents argue that Petitioner's claim should be filed under 42 U.S.C. § 2255. The court agrees. Generally, a challenge to federal court jurisdiction or to the validity of a federal conviction or sentence must be brought in a § 2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a § 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604, 606 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established " 'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' " *Brooks*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is

3

determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that § 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of § 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Section 2255 is clear in its requirement that a prisoner in custody under sentence of a federal court must file his collateral attack in "the court which imposed the sentence." 28 U.S.C. § 2255. If Petitioner has previously filed an unsuccessful § 2255 motion, he must seek permission to file a second § 2255 motion under § 2244(b)(3)(A).[2] If he has sought such permission, and been denied, then this Court must dismiss the present petition under 28 U.S.C. § 2244(a).[3] Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the

---

[2] Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under 28 U.S.C. § 2244(a),

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255.

4

one-year statute of limitations has expired, or the petitioner is unable to meet the gatekeeping requirements of the section. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). At best, Petitioner can only demonstrate an inability to utilize the § 2255 remedy. Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the court will dismiss this 2241 petition. An appropriate order will issue.

                                         s/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Dated: July 6, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER ELIYAH THODY, *aka* RALPH OWEN BAKER | : |
| Petitioner | : CIVIL NO. 1:CV-05-0119 |
| v. | : (Judge Rambo) |
| TROY WILLIAMSON, *Warden*, | : |
| Respondent | : |

### ORDER

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2) Petitioner's motions for summary judgment (Doc. 9, 18 and 21) are **DISMISSED** as moot.

3) Petitioner's motion to restore correct caption (Doc. 15) is **DISMISSED** as moot.

4) The Clerk of Court is directed to **CLOSE** this case.

                               s/Sylvia H. Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Dated: July 6, 2005.